LOBRANO, Judge.
Plaintiff, Ulyles Hundley, appeals the trial court judgment which dismissed his claim against James A. Smith and United Federal Savings and Loan Association wherein he sought damages for the alleged breach of contract by Smith, and the wrongful acceptance of monies by United.
James A. Smith is an attorney retained by Hundley to pass an act of sale and assumption wherein Hundley purchased property located in New Orleans from Octavia Green, wife of, and Edward Robinson. United held the mortgage on the Robinson’s property.
On February 27, 1987 the parties met in Smith’s office to close the transaction. In addition to assuming Robinson's mortgage with United, Hundley executed a second mortgage in Robinson’s favor in the amount of $7,795.08 payable at the rate of $67.46 per month.
Hundley subsequently began payments to the Robinsons, but delayed the payments to United because he received no payment schedule from them. When the Robinsons were notified by United that the payments were delinquent, they advised that the mortgage had been assumed by Hundley. United contacted Hundley, who acknowledged assuming the mortgage. Smith was advised about United’s lack of documentation relative to the assumption. At this point, Smith realized that he could not find the original Act.
In December of 1987, Hundley contacted attorney George O’Dowd and requested that he check the records to determine if the sale had been recorded. O’Dowd could not find the act and contacted Smith about the matter. Smith advised that the act was lost. O’Dowd and Smith then agreed to “reconstruct” the act. Smith prepared a new act dated February 27, 1988 and forwarded it to O’Dowd for approval. After receiving O’Dowd’s approval, Smith obtained the Robinsons’ signature. Smith testified that he then spoke with O’Dowd about obtaining Hundley’s signature. O’Dowd testified that it was not his duty to set up an appointment with Hundley. On July 14, 1988, two weeks after suit was filed, Smith wrote Hundley about signing the act. Hundley did not respond.
Hundley seeks damages and the return of the funds paid United and the Robinsons alleging that Smith failed to perform the contract he agreed to and that he was negligent. Hundley subsequently amended the suit adding United as a defendant on the grounds that it wrongfully retained his payments. The Robinsons were dismissed from the litigation because they had previously filed for bankruptcy.
*57 Without reasons, the trial court rejected Hundley’s assertions. Hundley perfects the instant appeal asserting three errors.
Hundley first argues that the court erred in finding that Smith performed the contract he agreed to. Specifically, Hund-ley urges that Smith failed to execute and/or record the act of sale and assumption. Hundley asserts that Smith failed to plead performance as an affirmative defense, and thus the trial court should not have considered evidence that the sale and assumption was executed. However, Smith testified without objection that he did attempt to “reconstruct” the act of sale so that the pleadings were amended by the implied consent of the parties. La.C.C.P. Art. 1151
Initially we note that attached to Smith’s brief with this court is a copy of the original sale and assumption which was found after the trial of this matter. It was recorded April 4, 1990, over three years after it was executed. As a general rule this court will not consider evidence not properly introduced at the trial level. However in this unusual situation, justice, equity and fair play require that we consider the effect of the recently discovered “missing” act and its untimely recordation. Clearly it was error for the trial court to hold Smith blameless for failure to record. Hundley is entitled to recover whatever damages he may have sustained because of the late recordation. Because it was not possible to determine the extent of Hund-ley’s damages until the original or reconstructed act was in fact recorded, we remand to the trial court for that purpose.[1]
In so far as the trial court held that Smith did perform his obligation to close the sale and assumption, we affirm. Even though at trial the act was still missing, the other evidence clearly establishes that the act was completed. Hundley testified that he retained Smith to pass a sale and assumption from the Robinsons. He admitted going to Smith’s office on February 27th and executing documents, and acknowledged that when he made payments to United and the Robinsons he understood that he had assumed their mortgage. He did not deny that it was his intent to purchase the property. Smith acknowledged that the document was lost, and testified that he and O’Dowd agreed on a reconstructed act. Hundley did not sign it.
Hundley further argues that the court should award damages because the bankruptcy court may seek ownership of the property. He asserts the “threat” exists that the trustee in bankruptcy may seek return of the property.
As of the date of trial, Hundley’s assertion in this regard is purely speculative. Since the Robinsons cannot rescind the sale for lack of recordation, C. C. Art. 2442, we fail to see how the trustee could do so. He can have no greater rights than the bankrupt debtor. And, although failing to list assets does not prevent the bankruptcy court from obtaining ownership, it can only do so if the Robinsons had any legal or equitable interest in the asset as of the commencement of the bankruptcy proceedings. 11 U.S.C. § 541. However, if for some reason, Hundley should become involved in legal proceedings with the bankruptcy court because of Smith’s failure to timely record, any damages he sustains would be recoverable.
Finally, Hundley argues that United is indebted to him because they accepted payments when they had no documentation which showed he assumed the mortgage. In support, he cites Civil Code Article 2310, which provides that one who pays another’s debt has a claim for restitution, and article 2311, which provides for interest when there is bad faith on the part of the one who has received.
Hundley paid United as he agreed to. Although at the time, United’s records did not reflect that he had assumed the Robin-sons’ loan, nonetheless the mortgage was properly credited with the payments. *58 Hundley owns the property and the mortgage has been reduced by his payments. We fail to see where he has been damaged by the delay in changing United’s records. If Hundley had not paid, surely United would have foreclosed on its mortgage. Hundley’s argument that the Robinsons were credited with his payments is unsound. His payments were credited against the property which he purchased, thus increasing his equity. He lost nothing.
For the above and foregoing reasons, the judgment in favor of United Federal Savings & Loan Association is affirmed. The judgment in favor of James A. Smith is reversed and set aside. The case is remanded to the trial court for a determination of the amount of damages to be awarded plaintiff against James A. Smith. All costs of these proceedings, including the costs of this appeal are amended against James A. Smith.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. At the very least, Hundley was required to hire an attorney and pay litigation expenses in connection with Smith’s neglect. There may be other damages also, however that is for the trial court’s determination.